IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGIA FRANKEL,

    Plaintiff,

vs.                                        No. CIV 00-884-LH/KBM

PAINEWEBBER INCORPORATED, a New
York corporation, DENNIS MALOUF,
MICHAEL KELLY ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment Based on Plaintiff's Lack of Standing (Docket No. 28), filed May 30, 2001. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that Defendants' motion is not well-taken and will be **denied.**

### UNDISPUTED FACTS

Plaintiff, a former employee of Defendants, filed an administrative Charge of Discrimination against Defendants with the EEOC on September 18, 1998. While the charge was still pending with the EEOC, Plaintiff and her husband filed a voluntary petition for Chapter 7 bankruptcy on February 17, 2000. In the bankruptcy petition, Plaintiff and her husband failed to list on their Schedule of Assets Plaintiff's potential damages from the employment discrimination claim, as required by 11 U.S.C. §§ 521 and 541. Plaintiff's bankruptcy case was discharged, with the Bankruptcy Court never having known about the discrimination claim. Subsequent to

discharge and closure of the bankruptcy case, the EEOC dismissed Plaintiff's employment discrimination charge on May 18, 2000, authorizing Plaintiff to bring a lawsuit on her own behalf. Plaintiff initiated the action in this Court on June 19, 2000.

## DISCUSSION

After deposing Plaintiff, Defendants moved for summary judgment, asserting that Plaintiff has no standing because the EEOC claim, which is also the basis of this lawsuit, was never scheduled as an asset of Plaintiff's bankruptcy estate. Defendants argue that because the claim was never scheduled, the bankruptcy trustee has not abandoned it, and the claim remains an asset of the Bankruptcy estate. Thus, only the bankruptcy trustee, not Plaintiff, can pursue this claim, unless and until the trustee knowingly abandons it. Since no such abandonment has occurred, Defendants assert, the trustee is the real party in interest, and Plaintiff lacks standing to sue. The case, therefore, must be dismissed.

Plaintiff maintains that the issue is not one of standing, but rather one of naming the proper real party in interest. Plaintiff argues that she has standing in the technical sense because she suffered an injury in fact traceable to the conduct of Defendants, and a favorable ruling is likely to redress her injury. Regarding Defendants' real party in interest objection, Plaintiff claims to have made efforts toward correcting what she claims was an inadvertent mistake in naming the real party in interest. Plaintiff argues that joinder or substitution of the bankruptcy trustee as real party in interest would cure the problem. The case could then proceed with the trustee as plaintiff or, if the trustee chose to abandon the lawsuit as an asset of the estate, real party in interest status would revert to Plaintiff.

The Court finds that Defendants have not presented sufficient evidence to demonstrate that Plaintiff lacks standing, and so the Motion for Summary Judgment Based on Plaintiff's Lack of Standing will be denied. However, the real party in interest issue remains unresolved, and the Court requests further briefing on it according to the deadlines set out below.

**Article III Standing**

The United States Supreme Court set the standard for determining proper standing in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Article III standing requires the following:

> First, the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual' or 'imminent,' not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be 'fairly traceable to the challenged action of the defendant, and not ...the result of the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative' that the injury will be 'redressed by a favorable decision.'

*Id.* at 560. In this case, Defendants have presented no facts or arguments regarding Plaintiff's ability or inability to meet the *Lujan* criteria for standing in her substantive lawsuit. Thus, Defendants' Motion for Summary Judgment Based on Plaintiff's Lack of Standing will be denied.

**Real Party In Interest**

Conflated in both parties' arguments is the true issue of real party in interest. In *FDIC v. Bachman*, 894 F.2d 1233 (10th Cir. 1990), the Tenth Circuit distinguished the two concepts of standing and real party in interest:

> Defendants confuse the doctrine of standing with that of real party in interest. The law of standing is almost exclusively concerned with such public law questions as determinations of constitutionality and review of administrative or other governmental action. The term 'standing' however, is used loosely in many contexts to denote the party with a right to bring a particular cause of action. This practice leads to much

> confusion when it is necessary to distinguish between 'standing' in its most technical sense and the concept of real party in interest under Fed.R.Civ.P. 17(a)...

*Id.* at 1235-36.

The crucial difference between standing and real party in interest, in this case, lies in the plaintiff's ability to correct a defect. It is mandatory that the plaintiff have constitutional standing at the time a lawsuit is filed, or the case must be dismissed. *See Lujan*, 504 U.S. at 570 n.5. In contrast, a correction of the real party in interest may apply retroactively to the initial filing of the lawsuit in many instances. Federal Rule of Civil Procedure 17(a) directs the Court to be lenient in allowing plaintiffs to join or substitute the real party in interest:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

To avoid allowing corrections of disingenuous failures to name the real party in interest, some courts have required that the party seeking to substitute or join the real party in interest must have made an "understandable mistake" in misnaming the real party in interest. The Eleventh Circuit, for example, has affirmed the following guidelines:

> [S]ubstitution or joinder ought to be allowed to prevent forfeiture or injustice (1) when an understandable mistake has been made in determination of the proper party or where determination is difficult; (2) where the change is merely formal and does not materially alter the known facts or issues; and (3) where the original plaintiff was not a fictitious entity; (4) if done timely.

*Delta Coal Program v. Libman*, 554 F. Supp. 684, 690 (N. Ga. 1982), *aff'd* 743 F.2d 852 (11th Cir. 1984).

In this case, the parties agree that the bankruptcy trustee, not Plaintiff, is the real party in interest. While Plaintiff may have standing to sue, she is not, at this time, the real party in interest, as required by Rule 17(a). The true issue, then, is whether Plaintiff's initial failure to name the trustee as the real party in interest is fatal to her case.

Defendants call the Court's attention to *Clark v. Trailiner Corp.*, 2000 U.S. App. LEXIS 29006 (10th Cir. 2000)(unpublished opinion). The *Clark* decision, however, is distinguishable. In *Clark*, the trial court dismissed Mr. Clark's fair credit reporting case against his former employer on the grounds that he lacked standing because his unscheduled lawsuit remained a part of his bankruptcy estate. *See id.* at *3. On review, however, the Tenth Circuit's substantive discussion revolved around Clark's real party in interest status. *See Clark* at *6. The Tenth Circuit affirmed the lower court's decision to dismiss the case because Mr. Clark did not genuinely seek to substitute or join the bankruptcy trustee as the real party in interest, but rather sought to use the trustee as a vehicle to properly establish himself as the real party in interest. *See id.*

The facts in *Clark* are similar to those in this case, but the procedural timing in *Clark* was quite different. There is no indication that Mr. Clark made any attempt to reopen his bankruptcy case and join or substitute the trustee before the trial court dismissed his case. Mr. Clark merely suggested that he could cure the defect retroactively by reopening the bankruptcy case and joining or substituting the trustee, with the aim of convincing the trustee to abandon the lawsuit as an asset. While the *Clark* Court held that this was disingenuous and impermissible, Defendant has not demonstrated that Plaintiff's motives are similarly suspect.

Through the submission of deposition excerpts and Plaintiff's affidavit, the parties have touched on the "understandable mistake" and timeliness prongs for determining whether joinder or

substitution would be allowed. However, Defendants have not demonstrated to the Court's satisfaction that Plaintiff's failure to file the lawsuit with the bankruptcy trustee as the real party in interest is inexcusable. By the same token, while Plaintiff has taken steps toward correcting the real party in interest deficiency, she not yet properly moved this Court to join or substitute the bankruptcy trustee as the real party in interest, where she would bear the burden of convincing the Court that her mistake was inadvertent and understandable, as well as timely, and not materially altering the known facts.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment Based on Plaintiff's Lack of Standing is **denied.** Parties are further ordered to submit motions, with briefs, responses, and replies addressing any outstanding real party in interest issues according to the following schedule:

    Motions:                Friday, **December 14, 2001**
    Responses:           Friday, **December 28, 2001**
    Replies [and Packet]:  Friday, **January 11, 2002**

Parties shall follow the "packet rule" for filing, serving copies on opposing counsel by the designated dates, with the final packets to be filed with the Court by Friday, January 11, 2002.

_____
**UNITED STATES DISTRICT JUDGE**